**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLAUDE RAYMOND SMITH, | No. 12-16519 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01817-DLB |
| v. | |
| C. BOYER; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Claude Raymond Smith appeals pro se from the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference, retaliation, and due process claims. We review for an abuse of discretion the failure to grant leave to amend, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc), and discovery rulings, *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004). We affirm.

The district court did not abuse its discretion by denying Smith further leave to amend his Eighth Amendment claims against defendants Stockman, Freitas, Hense, Tallerico, and Cordova because Smith could not allege that defendants knew of or disregarded a serious threat to his safety from his cell mate or from being housed at a higher security facility. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (leave to amend may be denied where amendment is futile); *Phillips v. Ornoski*, 673 F.3d 1168, 1179 (9th Cir. 2012) (inmates have no right to particular housing); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005) (elements of failure to protect claim).

The district court did not abuse its discretion by denying Smith further leave to amend his claim regarding improper processing of his inmate grievance because Smith could not allege any constitutional violation. *See Hartmann*, 707 F.3d at 1130; *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (inmates have no right to a particular grievance procedure).

The district court did not abuse its discretion by denying Smith further leave to amend his retaliation claim against defendants Johnson and Lloren because Smith could not allege that defendants were retaliating against him for exercising his First Amendment rights. *See Hartmann*, 707 F.3d at 1130; *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim).

The district court did not abuse its discretion by denying Smith's motions for protective orders and to compel because defendant Boyer agreed to reasonable privacy limitations concerning Smith's central file and medical records, and Smith failed to explain how the documents he sought were relevant. *See* Fed. R. Civ. P. 26(c) (court may limit discovery to protect a party); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (only the denial of relevant discovery is reversible).

Smith's contentions regarding the lack of minutes of a telephonic discovery conference and an extension for defendant Boyer to file a reply are unpersuasive.

Issues raised for the first time in Smith's reply brief regarding the district court's allegedly "careless and/or perfunctory" review of his complaint, grant of defendants' motion to dismiss his retaliation and due process claims, and failure to draw reasonable inferences in his favor on summary judgment, are deemed waived. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (per curiam).

**AFFIRMED.**